UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| FRANK BOWMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-852 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of

a final decision of the Commissioner of Social Security denying plaintiff's claims for disability

insurance benefits (DIB). On May 11, 2006, plaintiff filed the application for social security benefits

giving rise to this appeal. (A.R. 83-85). He claimed a September 1, 2005 onset of disability. His

claim for DIB benefits was denied on initial review. (A.R. 47-50). On July 14, 2009, plaintiff

received a hearing before an administrative law judge (ALJ), at which he was represented by counsel.

(A.R. 20-45). On August 13, 2009, the ALJ issued her decision finding that plaintiff was not

disabled. (A.R. 13-19). The Appeals Council denied review on December 30, 2009 (A.R. 6-8), and

the ALJ's decision became the Commissioner's final decision. The Appeals Council granted

plaintiff's request for an extension of time within which to file a civil action. (A.R. 2). On August

26, 2010, plaintiff filed his complaint seeking judicial review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties

voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment.  (docket # 11).

Plaintiff asks the court to overturn the Commissioner's decision on three grounds:

1.    The Commissioner committed reversible error by finding that plaintiff retained the RFC for medium work where the record was devoid of an RFC assessment from any physician;

2.    The Commissioner committed reversible error by classifying plaintiff's past relevant work as a laborer in a tool and die plant as medium work; and

3.    The Commissioner committed reversible error "in failing to find Mr. Bowman disabled in accordance with Rule 202.04 of the Medical-Vocational Guidelines given that Mr. Bowman cannot sit for long periods of time and has difficulty with 'bending, lifting and stooping' and the VE's testimony that Mr. Bowman's limitations 'would probably eliminate work at the medium exertional level.'"

(Plf. Brief at 5, 9, 11, docket # 9).  Alternatively, plaintiff asks the court for an order under sentence six of 42 U.S.C. § 405(g) remanding this matter to the Commissioner for consideration of the evidence he attached to his brief.  (Plf. Brief, Ex. A, ID# 473).  Upon review, the court finds that the Commissioner's decision is not supported by substantial evidence.  The ALJ found that the then 59-year-old plaintiff was not disabled at step 4 of the sequential analysis[1] because he retained the RFC

_____

[1]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).  Under the sequential analysis, "The claimant must first show that []he is not engaged in substantial gainful activity.  Next, the claimant must demonstrate that []he has a 'severe impairment.'  A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that h[is] impairment meets the durational requirement and 'meets or equals a listed impairment.'  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that []he is incapable of performing work that []he has done in the past.  Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.  The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

for a range of work at the medium exertional level and that his past relevant work as a laborer in a tool and die factory was work performed at the medium exertional level.  The ALJ overlooked her own factual finding regarding plaintiff's RFC, precluding work around dangerous moving machinery.  Work as a laborer in a tool and die factory entails significant work in close proximity to dangerous moving machinery.  The Commissioner's decision will be vacated and the matter remanded to the Commissioner under sentence four of 42 U.S.C. § 1983.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited.  *Buxton*, 246 F.3d at 772.  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . .  This is so because there is a 'zone of choice' within

which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73.

"If supported by substantial evidence, the [Commissioner's] determination must stand regardless of

whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v.*

*Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996)

("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the

matter differently than the ALJ did, and even if substantial evidence also would have supported a

finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he

Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of

the evidence supports the claimant's position, so long as substantial evidence also supports the

conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see*

*Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the

Social Security Act on September 1, 2005, his alleged onset of disability, and continued to meet the

requirements through the date of the ALJ's decision. (A.R. 15).  Plaintiff had not engaged in

substantial gainful activity on or after September 1, 2005.  (A.R. 15).  The ALJ found that plaintiff

had the following severe impairment:  "a back impairment."  (A.R. 15).  Plaintiff did not have an

impairment or combination of impairments which met or equaled the requirements of the listing of

impairments.  (A.R. 16).  The ALJ found that plaintiff retained the residual functional capacity

(RFC) for a limited range of medium work:

> After careful consideration of the entire record, the undersigned finds that the claimant has
> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c),

except he can only perform work involving: no exposure to heights or hazards; only routine tasks; and only simple instructions.

(A.R. 16).  The ALJ found that plaintiff's subjective complaints were not fully credible. (A.R. 16-18).  A vocational expert testified that plaintiff's past relevant work as a laborer at a tool and die plant was unskilled work performed at the medium exertional level.  (A.R. 40).  The ALJ found that the VE's testimony was persuasive. (A.R. 18-19).   The ALJ found that plaintiff was not disabled at step four of the sequential analysis because he was capable of performing his past relevant work as a laborer at a tool and die plant as he performed the job and as it was generally performed in the national economy.  (A.R. 18-19).

## 1.

Plaintiff argues that the ALJ committed reversible error when she found that plaintiff retained the RFC for "medium work where the record was devoid of any RFC assessments from any physicians whatsoever." (Plf. Brief at 5).  It was plaintiff's burden to submit medical evidence in support of his claim.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Then, it was the ALJ's job, not a treating or examining physician, to make the factual finding regarding a claimant's RFC.   *See* 20 C.F.R. §§ 404.1527(e)(2), .1546(c).  The ALJ found that plaintiff retained the RFC for a range of medium work.   RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Heston*, 245 F.3d at 534.  No treating or examining physician offered an opinion that plaintiff would be unable to perform work at the medium exertional level.  The  evidence the ALJ cited in her opinion (A.R. 16-18) is more than

substantial evidence supporting her factual finding that plaintiff retained the RFC for a range of medium work.

Plaintiff's related argument that a consultative examination performed on September, 28, 2006, by Paul Ratcliff, D.O., was "incomplete" because it did not include a RFC statement (Plf. Brief at 8) is meritless.[2]  Social security regulations specify that a complete consultative examination "should" generally include a "statement about what you can still do despite your impairments."  20 C.F.R. § 404.1519n(c)(6).   However, the absence of such a statement does not render the consultative examination report incomplete.  *Id.* ("Although we will ordinarily request, as part of the consultative examination process, a medical source statement about what you can still do despite your impairment(s), the absence of such a statement in a consultative examination report will not make the report incomplete."); *see Gille v. Astrue*, No. CV 10-705, 2011 WL 4406317, at * 18 (D. Or. June 16, 2011); *Wilcox v. Astrue*, No. 5:09-cv-167, 2010 WL 3937353, at * 5 (M.D. Ga. Sept. 3, 2010); *Stolte v. Astrue*, No. 09-cv-4741, 2010 WL 3283523, at * 12 (D.N.J. Aug. 18, 2010).

**2.**

Plaintiff's argument that the ALJ committed reversible error in classifying his past relevant work as a laborer in a tool and die plant as medium work is based on evidence that was never presented to the ALJ.  (Plf. Brief, Exhibit A, docket # 9, ID# 473).  This is patently improper.

---

[2]If Dr. Ratcliff had provided a statement regarding plaintiff's capabilities, it would not have supported plaintiff's claim for DIB benefits.  Plaintiff advised Dr. Ratcliff that he experienced "achy" pains in his back with no radiation of the pain.  His back problem had never required surgery. Plaintiff's gait was normal.  Plaintiff had a full range of motion in all joints.  His grip strength was unimpaired and his hands had full dexterity.  There was no evidence of paravertebral muscle spasm. Plaintiff had "no difficulty getting on and off the [examining] table, no difficulty heel and toe walking, [and] no difficulty squatting."  (A.R. 181-83).

It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed addition to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

A.     Request for Remand Under Sentence Six of 42 U.S.C. § 405(g)

The last sentence of plaintiff's brief contains a passing request for alternative relief in the form of remand to the Commissioner. (Plf. Brief at 15). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court

makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried, his burden. He has not shown that his former employer's web page (Ex. A, ID# 473) is new. There is no evidence before the court that the information reflected on the web page did not exist as of the date of the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84. Plaintiff has not demonstrated good cause. The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before she entered her decision. *See Ferguson*, 628 F.3d at 276. Plaintiff has not shown that the proffered evidence is material. In order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. The web page does not describe the job plaintiff performed for his former employer. It would not have reasonably persuaded the Commissioner to reach a different decision on the issue of whether plaintiff was disabled on or before August 13, 2009.

-8-

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted.  Plaintiff's request for a sentence six remand is denied.  Plaintiff's arguments must be evaluated on the record presented to the ALJ.

B.    Exertional Demands of Plaintiff's Past Relevant Work

It was plaintiff's burden at step four of the sequential analysis to prove that he was unable to perform (1) the functional demands and duties of past relevant jobs as he actually performed them, and (2) that he was unable to perform the functional demands and job duties of his occupations as generally required by employers throughout the national economy.  *See Garcia v. Secretary of Health & Human Servs.*, 46 F.3d 552, 556 (6th Cir. 1995); *see also Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002) ("At the fourth step of the sequential evaluation process, [the claimant] must prove that []he is unable to perform [his] past relevant work and that []he is unable to return to h[is] former type of work as generally performed.").  It is clear that a claimant "must prove an inability to return to his former type of work and not just to his former job." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987); *see also Moses v. Commissioner*, 402 F. App'x 43, 45 (6th Cir. 2010); *Titles II and XVI: The Particular Job or the Occupation as Generally Performed*, SSR 82-61 (reprinted in 1982 WL 31387, at * 2 (SSA 1982)).

Plaintiff reported to the Social Security Administration that the heaviest weight he lifted as a laborer at the tool and die shop was 50 pounds.[3] (A.R. 126-27).  In response to the ALJ's

---

[3]Counsel's argument that his client "likely underestimated the exertion level of this job" (Plf. Brief at 10) is not a substitute for evidence.  The arguments of counsel are not evidence.  *See Camaj v. Holder*, 625 F.3d 988, 992 n.3 (6th Cir. 2010); *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

questions, plaintiff described this work as basically custodial or janitorial. (A.R. 27). Plaintiff's attorney elected not to question his client regarding the exertional demands of his past relevant work. (A.R. 38-39). Plaintiff is incorrect when he argues that the ALJ "failed to fulfill her duty to question Mr. Bowman and develop the record regarding the physical and mental demands of his past work." (Plf. Brief at 10). The ALJ's special duty to *pro se* parties to develop the record does not extend to plaintiff, because he was represented by an attorney at the hearing. *See Kelly v. Commissioner*, 314 F. App'x 827, 831 n.1 (6th Cir. 2009); *Wilson*, 280 F. App'x 456, 459 (6th Cir. 2008). It was plaintiff's burden at step four to demonstrate that his impairments precluded him from performing his past relevant work. *See Warner v. Commissioner*, 375 F.3d at 390; *Jones v. Commissioner*, 336 F.3d at 474.

Vocational expert testimony is not required at step 4 of the sequential analysis. *See Cruse v. Commissioner*, 502 F.3d 532, 545 (6th Cir. 2007); 20 C.F.R. § 404.1560(b)(2). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). It is common practice for an ALJ to rely upon a VE's testimony at step four of the sequential analysis. *See, e.g.*, *Delgado v. Commissioner*, 30 F. App'x 542, 548 (6th Cir. 2002). The ALJ's reliance upon the VE's testimony to support her step four determination of nondisability was entirely proper.

The VE testified that plaintiff's past relevant work as a laborer in a tool and die shop was unskilled work performed at the medium exertional level:

> Q      Mr. Sorrels, can you please describe for us Mr. Bowman's past work giving us both the skill and exertional level requirements of those jobs?
>
> A      Yes, Your Honor.  As a laborer at Crossroad Tool & Die I would say it's unskilled, medium exertional level.  A janitor at school, unskilled, heavy exertion level.  I have dock worker in a warehouse, unskilled, medium exertional level.  And housekeeping unskilled, heavy exertional level and corrections officer, semi-skilled, medium exertional level and that's all.

(A.R. 40).  The ALJ asked the VE whether his testimony was consistent with the Dictionary of Occupational Titles (DOT), and she received an affirmative response:

> Q      . . . Mr. Sorrels, is your testimony consistent with the Dictionary of Occupational Titles?
>
> A      Yes, Your Honor.

(A.R. 42-43).  Plaintiff offered no contrary evidence.[4]  The VE's testimony regarding the functional demands of plaintiff's past relevant work provides more than substantial evidence supporting the ALJ's decision.

### C.      DOT Evidence Offered After the ALJ's Decision

Plaintiff argues that the Commissioner's decision should be overturned because Dictionary of Occupational Titles (DOT) listing 609.684-014 (*see* Plf. Brief, Ex. B, ID# 474) generally classifies work as a laborer, general, machine shop as heavy in its exertional requirements.

---

[4]Social Security Ruling 00-4p states that when a VE provides evidence about the requirements of a job or occupation, the ALJ has "an affirmative responsibility" to ask the VE whether his testimony conflicts with the DOT.  *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions*, SSR 00-4p (SSA Dec. 4, 2000) (reprinted at 2000 WL 1898704, at * 4).  The ALJ complied with SSR 00-4p by asking the VE whether his testimony conflicted with the DOT.  "The ALJ had no duty under S.S.R. 00-4p to interrogate him further."  *Lindsley v. Commissioner*, 560 F.3d 601, 606 (6th Cir. 2009); *see Kyle v. Commissioner*, 609 F.3d 847, 858 (6th Cir. 2010).  Plaintiff's attorney had a more than adequate opportunity to cross-examine the VE.  (A.R. 43).

(Plf. Brief at 10-11).   The DOT is one source of vocational evidence available for the ALJ's consideration, but it is certainly not the only one.  *See* 20 C.F.R. § 404.1560(b)(2); *see also Baranich v. Barnhart*, 128 F. App'x 481, 486 n.3 (6th Cir. 2005).  If plaintiff had presented this DOT evidence to the ALJ, she may have found it more persuasive that the VE's testimony regarding the exertional demands of plaintiff's past relevant work as it was generally performed in the national economy.[5]  However, the Commissioner's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Commissioner*, 336 F.3d at 477.  The VE's testimony provides substantial evidence supporting the ALJ's decision finding that plaintiff's past relevant work as a laborer in a tool and die shop, as plaintiff performed it and as generally preformed in the national economy, was medium exertional level work.

       The fatal flaw in the ALJ's decision is that her RFC finding precludes work in proximity to dangerous moving machinery,[6] yet the job forming the foundation of her step-4 decision finding that plaintiff was not disabled requires it.   The occupation of laborer in a machine shop requires work in close proximity to dangerous moving machinery.  The point is more than adequately illustrated by the DOT's definition of the occupation:

       609.684-014 LABORER, GENERAL (machine shop)

_____

       [5]"[N]either the ALJ nor the VE is required to follow the DOT."  *Beinlich v. Commissioner*, 345 F. App'x 163, 168 (6th Cir. 2009) (citing *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003)).

       [6]The ALJ's opinion does not provide an explanation why plaintiff could not work in proximity to dangerous machinery when he had done so in the past.  The RFC restriction may stem from plaintiff's testimony that Vicodin makes him feel dizzy and high.  (A.R. 30-31).

-12-

Performs any combination of following tasks to assist in machine shop activities: Loads and unloads materials, parts, or products onto or from pallets, skids, conveyors, or trucks manually or using hoist. Delivers metal parts or stock to designated work areas for machining, using electric pallet mover, hoist, or overhead crane. Lifts metal part or stock onto machine, manually or using hoist, and secures it on machine table, in chuck, or holding fixture, using wrenches, to assist in setting up machine. Feeds metal parts or stock into automatic metalworking machines and removes machined part from machine after prescribed period of time or at end of machining cycle. Adds coolant to reservoirs of machines and lubricates machine parts and ways, using grease gun and oilcan. Reclaims cutting and lubricating oils from machines by pumping oil from machine reservoir into barrel, dumping oil from barrel into centrifugal separator that removes metal chips and dirt from oil, and drains clean oil from separator into containers. Removes metal chips and shavings from surfaces of machines, using rag or airhose, and wipes surfaces of machines with rag to remove excess oil. Cleans around work areas, using broom and shovel. Separates metal shavings, chips, and scrap materials from trash and places them in bins for resale. May remove burrs or excess metal from machined parts, using files, sandpaper, emery cloth, or grinding machine. May be designated by specific task performed as Brass Reclaimer (machine shop); Gear Cleaner (machine shop); Oil Extractor (machine shop); Sorter (machine shop); Threading-Machine Feeder, Automatic (machine shop) II; Tool Marker (machine shop). GOE: 06.04.39 STRENGTH: H GED: R2 M1 L1 SVP: 2 DLU: 77.

DICTIONARY OF OCCUPATIONAL TITLES, § 609.684-014 (laborer, general, machine shop)(4th ed. 1991)(reprinted at http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT06A.HTM); *see* docket # 9, ID# 474. The Commissioner's decision finding that plaintiff was not disabled at step 4 of the sequential analysis is not supported by substantial evidence. The Commissioner's decision will be vacated and the matter remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

### 3.

Plaintiff argues that the Commissioner committed reversible error " in failing to find Mr. Bowman disabled in accordance with Rule 202.04 of the Medical-Vocational Guidelines given that Mr. Bowman cannot sit for long periods of time and has difficulty with 'bending, lifting and

stooping' <u>and</u> the VE's testimony that Mr. Bowman's limitations[7] 'would probably eliminate work at the medium exertional level.'" (Plf. Brief at 11). This is a challenge to the ALJ's factual finding regarding the credibility of plaintiff's testimony, as plaintiff's testimony was the only source of evidence for the purported restrictions on sitting, bending, stooping, and for any lifting restriction greater than the one incorporated in the ALJ's factual finding regarding plaintiff's RFC.

Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique

---

[7] The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987).

opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, [her] conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

The ALJ found that plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was not fully credible. The objective tests showed minimal degenerative changes in plaintiff's spine. Upon examination, plaintiff displayed a normal gait and a full range of motion. Plaintiff was able to drive a car and live independently. (A.R. 16-18). It was appropriate for the ALJ to take plaintiff's extensive daily activities into account in making her credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

## Conclusion

For the reasons set forth herein, a judgment will be entered vacating the Commissioner's decision and remanding this matter to the Commissioner for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Plaintiff's alternative request for remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) is denied.

Dated:   January 24, 2012         /s/  Joseph G. Scoville
                                  United States Magistrate Judge